UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK



RICKY HINKLE, and
JENNIFER HINKLE,

                Plaintiffs,

    -vs-

OTIS ELEVATOR COMPANY,

                Defendant.

**NOTICE OF REMOVAL**

Civ. No.: NAM/GHL

1.      Pursuant to 28 U.S.C. Section 1446(a), defendant, OTIS ELEVATOR COMPANY, by its attorneys, Hurwitz & Fine, P.C., hereby gives notice of the removal of this action from the State of New York, Supreme Court, County of Tompkins, to the United States District Court for the Northern District of New York.

2.      A copy of plaintiffs' Summons and Complaint filed in the State Court action is attached as **Exhibit A**.

3.      A copy of the defendant's verified answer is attached as **Exhibit B**.

4.      Following service of plaintiffs' Summons and Complaint, defendant served a Request for Supplemental Demand for Relief pursuant to CPLR §3017(c) upon plaintiffs, attached as **Exhibit C**.

5.      Less than thirty (30) days has elapsed since the receipt of plaintiffs' response to defendant's Request for Supplemental Demand for Relief. A copy of plaintiffs' letter response, which states that they have suffered damages in the amount of One Million and 00/100 Dollars ($1,000,000.00), is attached as **Exhibit D**.

6.      According to plaintiffs' Complaint, plaintiffs are residents of the State of New York (Exhibit A, ¶1).

7.      According to plaintiffs' Complaint, plaintiff, RICKY HINKLE, was allegedly involved in an accident that occurred on or about September 7, 2004 on the premises known as the Fairview Apartments, located at 54 Fairview Square in Ithaca, New York.

8.      Defendant is incorporated in the State of New Jersey with its corporate headquarters located in Farmington, Connecticut.

9.      The amount in controversy, as stated in plaintiffs' response to this defendant's request for supplemental demand for relief, exclusive of interest and costs, exceeds $75,000.00 (Exhibit D).

10.     Defendant is entitled to remove this action pursuant to 28 U.S.C. Section 1446(a), since the District Court has original jurisdiction over the action pursuant to 28 U.S.C. Section 1332(a)(1), based upon the parties' diversity of citizenship.

11.     Pursuant to 28 U.S.C. Section 1332(c)(1), a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principle place of business.

**WHEREFORE**, defendant, OTIS ELEVATOR COMPANY, hereby removes this action from the State of New York, Supreme Court, County of Tompkins, to the United States District Court for the Northern District of New York.

DATED:       Buffalo, New York
             April 10, 2006

HURWITZ & FINE, P.C.

Harry F. Mooney
Bar Roll #512095
*Attorneys for Otis Elevator Company*
1300 Liberty Building
Buffalo, New York  14202
(716) 849-8900
hfm@hurwitzfine.com

TO:   Craig Z. Small, Esq.
LAW OFFICE OF CRAIG Z. SMALL
424 Main Street, 1725 Liberty Building
Buffalo, New York 14202
(716) 847-2600

## CERTIFICATE OF SERVICE

I hereby certify that I have this 10th day of April 2006, served a copy of the foregoing Notice of Removal upon the individual indicated below by hand delivering a copy of same upon the following:

> Craig Z. Small, Esq.
> LAW OFFICE OF CRAIG Z. SMALL
> 424 Main Street, 1725 Liberty Building
> Buffalo, New York 14202
> (716) 847-2600

Harry F. Mooney

# EXHIBIT  A

01/23/2006  14:36    6765035                          OTIS LEGAL                              PAGE  02/07

$6.0$

STATE OF NEW YORK
SUPREME COURT     :    COUNTY OF TOMPKINS

**RICKY HINKLE and**
**JENNIFER HINKLE**
38 Crandall Street
Cortland, New York 13045

                                    Plaintiffs,               **SUMMONS**
                                                              $2006-0044$
vs.                                                           Index No. 1-2006-

OTIS ELEVATOR COMPANY
c/o CT Corporation System
111 Eighth Avenue
New York, New York  10011

                                    Defendant.

To the above named Defendant(s):

     *YOU ARE HEREBY SUMMONED AND REQUIRED* to serve upon the Plaintiff's
attorney, at the address stated below, a written Answer to the attached Complaint.

     If this Summons is served upon you within the State of New York by personal service
you must respond within *twenty* (20) days after service, not counting the day of service. If this
Summons is not personally delivered to you within the State of New York you must respond
within *thirty* (30) days after service is completed, as provided by law.

     If you do not respond to the attached Complaint within the applicable time limitation
stated above a Judgment will be entered against you, by default, for the relief demanded in the
Complaint, without further notice to you.

     This action is brought in the County of Tompkins because the accident occurred in
Tompkins County.

DATED:        Buffalo, New York
              January 5, 2006

                                    Yours, etc.,

                                    **LAW OFFICE OF CRAIG Z. SMALL**
                                    Attorneys for Plaintiff

                                    Craig Z. Small, Esq.
                                    *Office & P.O. Address*
                                    424 Main Street, 1725 Liberty Building
                                    Buffalo, New York 14202
                                    Tel.: (716) 847-2600

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF TOMPKINS

RICKY HINKLE
JENNIFER HINKLE

                              Plaintiff          **VERIFIED COMPLAINT**

v.
                                                 Index No. 12005/ 2006-0044

OTIS ELEVATOR COMPANY

                              Defendant

Plaintiffs above-named, by their attorneys, Craig Z. Small and the Law Office of Craig Z. Small, complaining of the defendant, alleges as follows:

1.     By virtue of the application of the exemption listed in Section 1602(7) of Article 18 of the CPLR, the limitations on liability imposed by that Article do not apply to the causes of action set forth herein.

2.     At all times hereinafter mentioned, the plaintiffs are residents of the City of Cortland, County of Cortland and State of New York.

3.     Upon information and belief, and at all times hereinafter mentioned, the defendant Otis Elevator Company was a foreign business corporation organized under the laws of the State of New Jersey, with a principal executive office in the State of Connecticut, and a registered agent c/o C T Corporation System, 111 Eighth Avenue, New York, New York 10011.

4.     Upon information and belief, and at all times hereinafter mentioned, the defendant conducted and operated its business of managing, operating, maintaining, and repairing elevators in the City of Ithaca, County of Tompkins and State of New York.

5.     On or about the 7th day of September, 2004, the plaintiff was lawfully on the premises of the Fairview Apartments, 54 Fairview Square in Ithaca, New York when he was caused to fall down in an unleveled elevator car due to the negligence of the defendant, its agents, servants and/or employees.

## AS AND FOR THE FIRST, SEPARATE AND DISTINCT CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF, RICKY HINKLE:

6.   Plaintiffs repeat and reallege those allegations contained in paragraphs 1 through 5 with the same force and effect as if more fully set forth herein.

7.   The defendant, its agents, servants and/or employees failed to maintain and repair  the subject elevators and keep them in a safe and reasonable condition to persons lawfully thereat so as to constitute a menace and dangerous condition to plaintiff and others when defendant knew, or by exercise of due care should have known, of the dangerous conditions aforementioned.

8.   The negligence of the defendant was the proximate cause of the accident herein, and plaintiff in no manner contributed thereto.

9.   By reason of the foregoing, plaintiff was rendered sick, sore, lame and disabled, was and will be incapacitated for a long time to come, has been informed and verily believes that certain of his injuries are permanent in nature, was unable to attend to his usual duties for a considerable time, required medical aid and attention, suffered grievous physical pain and mental anguish and will continue to suffer pain for a considerable time to come.

## AS AND FOR A SECOND, SEPARATE AND DISTINCT CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF, JENNIFER HINKLE:

10.   Plaintiffs repeat and reallege those allegations contained in paragraphs 1 through 9 with the same force and effect as if more fully set forth herein.

11.   Plaintiff, Jennifer Hinkle is the lawful wife of plaintiff, Ricky Hinkle.

12.   As a result of the injuries sustained by the plaintiff, Jennifer Hinkle, the plaintiff, Ricky Hinkle has been deprived of and, upon information and belief, will continue to be deprived of his society, companionship and services and, upon information and belief, plaintiff, Ricky Hinkle's loss of his society, companionship and services will be permanent, all to her damage in an amount to be determined at the trial of this action.

WHEREFORE, plaintiffs demand judgment against the defendants, and each of them,

jointly and severally, on the first and second causes of action in an amount to be determined at

the trial of this action; together with the costs and disbursements of the action, and for such

other and further relief as this Court may deem just and proper.

DATED:        Buffalo, New York
              January 5, 2006

                              Yours, etc.,

                              **LAW OFFICE OF CRAIG Z. SMALL**
                              Attorneys for Plaintiff


                              _____
                              Craig Z. Small, Esq.
                              *Office & P.O. Address*
                              1725 Liberty Building
                              424 Main Street
                              Buffalo, New York 14202
                              Tel.: (716) 847-1725

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF CORTLAND       )

     RICKY HINKLE, being duly sworn, deposes and says that he resides in Cortland, New York; that he is the plaintiff in the within action and has read the foregoing Complaint; that the same is true to his own knowledge, except as to those matters therein alleged to be upon information and belief; and that as to those matters he believes it to be true.

*(signature)*

**RICKY HINKLE**

Sworn to before me this
/2 day of December, 2005

     Notary Public   *(signature)*

> **DOLORES S. HELLER**
> Notary Public, State of New York
> No. 01HE5042731
> Qualified in Cortland County
> Commission Expires April 24, 20 0 7

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF _Cortland_     )

     JENNIFER HINKLE, being duly sworn, deposes and says that she resides at Cortland, New York; that she is the plaintiff in the within action and has read the foregoing Complaint; that the same is true to her own knowledge, except as to those matters therein alleged to be upon information and belief; and that as to those matters she believes it to be true.

*(signature)*

**JENNIFER HINKLE**

Sworn to before me this
/2 day of December, 2005

     Notary Public   *(signature)*

> **DOLORES S. HELLER**
> Notary Public, State of New York
> No. 01HE5042731
> Qualified in Cortland County
> Commission Expires April 24, 20 0 7

STATE OF NEW YORK
SUPREME COURT - COUNTY OF TOMPKINS

RICKY HINKLE and
JENNIFER HINKLE,

                    Plaintiff,                          SUMMONS AND COMPLAINT

                                                        Index No. 06-0576

OTIS ELEVATOR COMPANY,

                    Defendant.

SUMMONS AND COMPLAINT

LAW OFFICE OF CRAIG Z. SMALL
Attorney for Plaintiff
Office & P.O. Box
1221 Ferry Building
22 Main Street
Buffalo, New York 1420
(716) 847-7500

01/23/2006  14:36  6765035                    OTIS LEGAL                         PAGE  01/07

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
01/20/2006
Log Number 51085908



RECEIVED
JAN 23 2006
LAW DEPT.

**TO:**   Patrick Corcoran
          Otis Elevator Company
          One Farm Springs
          Farmington, CT, 06032-

**RE:**   **Process Served in New York**

**FOR:**  Otis Elevator Company (Domestic State: NJ)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Ricky Hinkle and Jennifer Hinkle, Pltfs. vs. Otis Elevator Company, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Verified Complaint. |
| **COURT/AGENCY:** | Tompkins County, the Supreme Court, State of New York, NY<br>Case # 2006-0044 |
| **NATURE OF ACTION:** | Personal Injury - Slip and Fall - Alleges personal injuries/damages sustained on or about Sept. 7, 2004 due to accident on premises. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/20/2006 at 11:17 |
| **APPEARANCE OR ANSWER DUE:** | 20 Days. |
| **ATTORNEY(S) / SENDER(S):** | Craig Z Small, Esq.<br>Law Office of Craig Z Small<br>424 Main Street<br>1725 Liberty Building<br>Buffalo, NY, 14202<br>716 847 2600 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day, 790293615606 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Christopher Tilton<br>111 Eighth Avenue<br>New York, NY, 10011<br>212-894-8940 |

Page 1 of  1 / RJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.

# EXHIBIT  B

STATE OF NEW YORK
SUPREME COURT   :   COUNTY OF TOMPKINS

---

RICKY HINKLE and JENNIFER HINKLE,

                 Plaintiffs,

   -vs-

OTIS ELEVATOR COMPANY,

                 Defendant.

**VERIFIED ANSWER**

Index No.: 2006-0044

---

      The defendant, OTIS ELEVATOR COMPANY, hereinafter referred to as "this defendant" by its attorneys, HURWITZ & FINE, P. C., as an for a verified answer to the complaint of plaintiffs, RICKY HINKLE and JENNIFER HINKLE, herein states the following:

      1.     Admits the allegations contained in paragraphs 3 and 4 of the complaint.

      2.     Denies each and every allegation contained in paragraph 5 of the complaint.

      3.     Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 2 of the complaint.

      4.     Unable to set forth an answer with respect to paragraph 1 as it calls for a legal conclusion.  However, insofar as this defendant is required to answer, it denies the allegations set forth in paragraph 1 of the complaint.

## AS AND FOR AN ANSWER TO THE FIRST, SEPARATE AND DISTINCT CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, RICKY HINKLE:

5.      As and for an answer to paragraph 6, this defendant repeats and realleges its answers to paragraphs 1 through 5 with the same force and effect as if fully set forth herein.

6.      Denies each and every allegation contained in paragraphs 7, 8 and 9 of the complaint.

## AS AND FOR AN ANSWER TO THE SECOND, SEPARATE AND DISTINCT CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, RICKY HINKLE:

7.      As and for an answer to paragraph 10, this defendant repeats and realleges its answers to paragraphs 1 through 9 with the same force and effect as if fully set forth herein.

8.      Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraphs 11 and 12.

9.      Denies each and every other allegation in all causes of action not heretofore controverted.

## AS AND FOR A FIRST, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:

10.     The injuries and/or damages alleged in the plaintiffs' complaint were caused in whole or in part by the culpable conduct, want of care and assumption of risk on the part of the plaintiffs, and without negligence, fault or want of care on the part of this defendant.

## AS AND FOR A SECOND, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:

11.     That in the event a verdict or decision is rendered in favor of plaintiffs against this answering defendant, said defendant is entitled to limitations on liability as set forth in Article 16 of the CPLR.

## AS AND FOR A THIRD, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:

12.     That pursuant to §4545 and other applicable sections of the CPLR, the defendant is entitled to a set off against the amount of any verdict of any monies collected from a collateral source of payment as set forth in said law.

WHEREFORE, this defendant, demands judgment as follows:

1.     Dismissing the complaint herein, or

2.     Determining the ultimate rights and responsibilities among the parties, including the culpable conduct of the plaintiffs and that of any tortfeasor jointly liable and further demands that if plaintiffs recover judgment against this answering defendant, the amount of damages be diminished in the proportion which the culpable conduct attributable to plaintiffs bears to the culpable conduct which caused the damage; and

3.     Reducing plaintiffs' recovery in the proportion to which the plaintiffs' culpable conduct, assumption of risk and want of care bears to the culpable conduct which caused the plaintiffs' damages, and

4.    Such other and further relief as to this court may seem just proper and equitable, together with the costs and disbursements of this action.

DATED:        Buffalo, New York
              February 8, 2006

HURWITZ & FINE, P.C.

Jody E. Briandi, Esq.
*Attorneys for Defendant,*
*Otis Elevator Company*
1300 Liberty Building
Buffalo, New York  14202
(716) 849-8900

TO:    Craig Z. Small, Esq.
       Law Office of Craig Z. Small
       *Attorneys for Plaintiffs*
       424 Main Street
       1725 Liberty Building
       Buffalo, New York 14202
       (716) 847-2600

## VERIFICATION

STATE OF NEW YORK )
                            )   ss.:
COUNTY OF ERIE       )

        Timothy Reidy, being duly sworn deposes and says that he is the General

Manager of Otis Elevator Company in this action; that he has read the foregoing verified answer

and knows the contents thereof; that the same is true to the knowledge of deponent, except as to

the matters therein stated to be alleged on information and belief, and that as to those matters he

believes it to be true.


                                             Timothy Reidy
                                             General Manager
                                             Otis Elevator Company

Subscribed and sworn to before me
this _9th_ day of _February_ , 2006

Notary Public

VANESSA L. SATTERLEE
NOTARY PUBLIC, STATE OF NEW YORK
Reg. No. 01SA6070895
QUALIFIED IN ERIE COUNTY
My Commission Expires Mar 19, 200_

# EXHIBIT  C

STATE OF NEW YORK
SUPREME COURT   :   COUNTY OF TOMPKINS

---

RICKY HINKLE and JENNIFER HINKLE,

                              Plaintiffs,

          -vs-

OTIS ELEVATOR COMPANY,

                              Defendant.

---

**REQUEST FOR SUPPLEMENTAL
DEMAND FOR RELIEF**

Index No.: 2006-0044

          PLEASE TAKE NOTICE, that pursuant to CPLR 3017(c), defendant, OTIS

ELEVATOR COMPANY, hereby requests that, within fifteen (15) days hereof, the plaintiffs,

serve a supplemental demand for relief setting forth the total damages to which they deem

themselves entitled.

DATED:          Buffalo, New York
                February 8, 2006

                                              HURWITZ & FINE, P.C.

                                              Jody E. Briandi, Esq.
                                              *Attorneys for Defendant,*
                                              *Otis Elevator Company*
                                              1300 Liberty Building
                                              Buffalo, New York  14202
                                              (716) 849-8900

TO:     Craig Z. Small, Esq.
        Law Office of Craig Z. Small
        *Attorneys for Plaintiffs*
        424 Main Street
        1725 Liberty Building
        Buffalo, New York 14202
        (716) 847-2600

# EXHIBIT  D

# LAW OFFICE OF CRAIG Z. SMALL

### A T T O R N E Y   A T   L A W

*Main Office:*
424 Main Street
Suite 1725
Buffalo, New York  14202

*Satellite Office:*
3522 James Street
Syracuse, New York 13221
(315) 836-0060

Telephone: (716) 847-2600
Telefax:  (716) 847-2020
csmall@smallaw.com
www.smallaw.com

March 13, 2006



Jody E. Briandi, Esq.
Hurwitz & Fine, P.C.
424 Main Street
1300 Liberty building
Buffalo, New York  14202

     **Re:**    **Hinkle v. Otis Elevator Company**
             **Index Number:  I 2006/0044**

Dear Ms. Briandi:

     In response to your Omnibus Discovery Demands in the above referenced matter, please be advised as follows:

     1.     The plaintiff is not in possession of any statements made by the defendant.

     2.     The plaintiff is not in possession of any statements made by any other party to this lawsuit.

     3.     The plaintiff is not aware of any admission witnesses to this incident.

     4.     Duly executed authorizations for medical records are attached.

     5.     The treating providers for the plaintiff are:

Goldwyn Boyland Physical Therapy
1105 Route 13
Cortland, New York  13045

Matthew Estill, M.D.
1780 Hanshaw Road
Ithaca, New York  14850

Progressive Neurosurgery, P.C.
Gerald M. Zupruk, M.D.
201 Dates Drive, Suite 101
Ithaca, New York  14850

Melissa Thibault, M.D.
201 Dates Drive
Suite 101
Ithaca, New York  14850

     Dates of treatment are ongoing.

     6.     Experts will be revealed at the appropriate time.

     7.     Medical records in the possession of the plaintiff are attached.

8.      Duly executed authorizations for employment records and Worker's Compensation records are attached.

9.      A duly executed authorization  for Social Security records is attached.

10.     Witnesses to the incident or condition of the elevator are Jennifer Hinkle, Tim Stockholm, Particia Petrilla (both employees of Fairview Apts.), Jay Baldwin, S. Chen and S. Friedman (all Otis Elevator employees).

11.     The plaintiff is not in possession of any photos.

12.     The plaintiff is not in possession of any accident reports.

13.     There are no excess insurance agreements.

14.     The plaintiff is not in possession of any documents generated by the defendant.

15.     A copy of the Affidavit of Service is attached.  The date of the filing of the Summons and Complaint is January 10, 2006.

16.     The only collateral source of payment is the Worker's Compensation carrier, Traveler's Insurance Company, P.O. Box 4614, Buffalo, New York  14240, adjuster Rob Logue, WCB case number 9050 2566, carrier case number 015-CB-ALQ3327J.

17.     The plaintiff is not in possession of any photos or films.

In regard to your Request for Supplemental Demand for Relief, please be advised that we are requesting $1,000,000.00 in total damages.

Also enclosed, please find our Verified Bill of Particulars, as well as our Demand for Verfiied Bill of Particulars, Omnibus Discovery Demands and Cross-Notice to Take Deposition.

If you have any questions, please do not hesitate to call.

Very truly yours,

CRAIG Z. SMALL

CZS/djj
Enclosures